Filed 12/20/23  P. v. Waithe CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081784 |
| v. | (Super.Ct.No. BAF2300668) |
| KWAMAE MARQUIS WAITHE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Belinda Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## STATEMENT OF THE CASE

Pursuant to a negotiated plea agreement, on July 13, 2023, defendant and appellant Kwamae Marquis Waithe pled guilty to two counts of robbery under Penal Code[1] section 211 (counts 1 & 2). Moreover, as to count 1, defendant admitted a firearm enhancement under section 12022.5, subdivision (a). Thereafter, the trial court sentenced defendant to a term of eight years in state prison as follows: the upper term of five years on count 1, plus three years on the firearm enhancement to run consecutive to count 1, and the midterm of three years on count 2 to run concurrently to count 1. The trial court then dismissed the remaining counts, struck the remaining enhancements, ordered restitution, fines and fees, and awarded 18 days of custody credit.

On July 19, 2023, defendant filed a notice of appeal challenging the validity of his plea and requested that the court issue a certificate of probable cause. The trial court granted defendant's request for a certificate of probable cause.

## STATEMENT OF FACTS

Defendant admitted that on June 26, 2022, he robbed Sterling S., and that during the robbery, defendant personally used a firearm. Defendant also admitted that on June 25, 2022, he robbed Alvin L. At the time of the commission of the crimes, defendant was 19 years old.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:

1.    "Does the appellate record show that defendant had a concussion and was not able to understand the nature and circumstances of the plea?"

2.    "Does the appellate record show that the trial counsel took matters into her own hands and did not listen to appellant?"

After defense counsel filed a brief under *People v. Wende*, we offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____
Acting P. J.

We concur:

CODRINGTON_____
J.

FIELDS_____
J.

4